CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
09/16/2020
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br><br>*Defendants.* | CASE NO. 3:17-cv-00072<br>CASE NO. 3:20-mc-00010<br><br>ORDER FINDING ROBERT "AZZMADOR" RAY IN CIVIL CONTEMPT<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on its Show Cause Order to Defendant Robert "Azzmador" Ray dated August 27, 2020, and the Order of U.S. Magistrate Judge Hoppe dated July 23, 2020. Dkts. 814, 848. Both had ordered Ray to appear by videoconference for a deposition upon oral examination by Plaintiffs' counsel. He did not do so. This Court scheduled a civil contempt hearing on September 14, 2020 at 2:00 p.m. ET by videoconference, for Ray to show cause why he should not be held in civil contempt for failure to abide by those orders. He was ordered to appear at the hearing. He did not. Because he has repeatedly ignored and continues to ignore court orders in this case, the Court finds Ray in contempt of court.

### Findings of Fact

This Court has reviewed the record and considered argument presented, and supplementing the findings made by the Court on September 14, 2020 at the contempt hearing, the Court makes the following findings of fact:

1

1. In May and June 2020, Plaintiffs made numerous efforts to contact Ray to schedule his deposition in this case. Ray did not respond. Dkts. 803 at 2–3, 803-2, 803-3.

2. On June 8, 2020, Plaintiffs properly noticed and served notice of Ray's deposition, to take place on July 13, 2020 at 9:30 a.m. ET. Dkts. 803 at 1–3, 803-4, 803-5.

3. Ray failed to attend his deposition on July 13, 2020 at 9:30 a.m. ET. Dkts. 803 at 3, 803-6 (transcript showing his failure to appear).

4. Ray did not contact Plaintiffs' counsel before July 13, 2020 to inform them that he did not plan to appear. When Ray failed to appear at his deposition on July 13, 2020, Plaintiffs' counsel emailed and called Ray, but were unable to reach him. Dkts. 803 at 3, 803-6 at 3.

5. On July 14, 2020, Plaintiffs filed their Motion to Compel the Deposition from Ray, which was referred to Magistrate Judge Hoppe. Dkt. 803.

6. On July 23, 2020, Judge Hoppe issued an Order directed to Ray, which ordered that he "appear by videoconference for a deposition upon oral examination by Plaintiffs' counsel in this matter at 9:30 a.m. ET on Wednesday, July 29, 2020." Dkt. 814. Judge Hoppe wrote that he "expects Ray to appear and participate in good faith as required by the Federal Rules of Civil Procedure." Id. Judge Hoppe also "**warned**" Ray "**that his failure to comply with this Order may result in a bench warrant being issued for his arrest and the United States Marshal taking him into custody and transporting him to this judicial district to appear and show cause why he should not be held in contempt of court**." Id. (emphasis in original). Judge Hoppe further granted Plaintiffs' request to be reimbursed for their reasonable expenses and fees for Ray's failure to appear at the July 13 deposition. Id.

7. On July 22, 2020, Plaintiffs had served Ray with a revised notice rescheduling the deposition for July 29, 2020 at 9:30 a.m. ET. Dkts. 818 at 1, 818-1.

8. Ray failed to attend his deposition on July 29, 2020 at 9:30 a.m. ET. Dkt. 818-2 at 2–5 (transcript showing his failure to appear).

9. Ray did not contact Plaintiffs' counsel before July 29, 2020 to inform them that he did not plan to appear. When Ray failed to appear at his deposition on July 29, 2020, Plaintiffs' counsel emailed and called Ray, but Ray did not respond. Dkts. 818 at 2, 818-2 at 3.

10. On August 5, 2020, Plaintiffs filed a supplemental brief in support of their Motion to Compel the Deposition of Ray, informing the Court of these developments. Dkt. 818. In view of Ray's "contemptuous defiance of multiple properly served deposition notices and numerous Court orders—indeed, his apparent wholesale disappearance from this litigation," Plaintiffs requested that the Court issue a bench warrant for Ray's arrest and hold him in custody until his deposition would take place, and require him to show cause why he should not be held in contempt of court. Id. at 2. Plaintiffs also requested that Ray be ordered to pay reasonable expenses incurred in arranging Ray's July 29, 2020 deposition, and in filing the supplemental brief. Id.

11. On August 27, 2020, this Court issued an Order directed to Ray ordering him to appear at a contempt hearing scheduled on September 14, 2020 at 2:00 p.m. ET, to show cause why he should not be adjudged in contempt of court for his failure to comply with Judge Hoppe's July 23, 2020 Order. Dkt. 848.

12. In its August 27, 2020 Order, this Court also ordered Ray to take certain concrete steps in advance of the contempt hearing on September 14, 2020, including that he shall (a) contact the Clerk of Court by September 7 to get login information to participate by videoconference at the contempt hearing; (b) contact Plaintiffs' counsel by September 9[1] to get login information to

---

[1] The Court originally provided Ray until September 7, 2020 to contact Plaintiffs counsel, but later afforded Ray until September 9, on account of updated contact information for Plaintiffs' counsel. Dkt. 861. Ray never contacted them in any event.

participate by videoconference in a deposition on the morning of September 14, 2020 at 9:30 a.m. ET; and (c) appear by videoconference at a deposition upon oral examination by Plaintiffs' counsel on September 14, 2020 at 9:30 a.m. ET. Dkt. 848 at 2–3. The Court ordered Ray to accomplish these measures to give him one more opportunity to come into compliance with Court orders in advance of the contempt hearing.

13. Ray did not contact the Clerk of Court by September 7, 2020, as the Court had ordered, or at any other time before the contempt hearing. Dkt. 848; see also Sept. 14, 2020 Contempt Hr'g Tr.

14. Ray did not contact Plaintiffs' counsel by September 9, 2020, as the Court had ordered, or at any other time before the contempt hearing. See Sept. 14, 2020 Contempt Hr'g Tr.

15. Ray failed to attend his deposition by videoconference on September 14, 2020 at 9:30 a.m. ET, as ordered. See Sept. 14, 2020 Contempt Hr'g Tr (remarks by Plaintiffs' counsel).

16. Ray did not appear at the contempt hearing on September 14, 2020 at 2:00 p.m. ET, as ordered. See Sept. 14, 2020 Contempt Hr'g Tr; see also Dkt. 873 (minutes).

17. In this Court's Show Cause Order of August 27, 2020, the Court afforded Ray the ability to file any brief, response, or information he would like the Court to consider in advance of the contempt hearing on September 14, 2020. Dkt. 848 at 3. He did not file or provide any response.

## Applicable Law

18. "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

19. "A court may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004) (quoting *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)). The "essence" of civil contempt "is to coerce future behavior." *Consol. Coal Co. v. Local 1702, United Mineworkers of Am.*, 683 F.2d 827, 830 (4th Cir. 1982).

20. A movant must establish the following elements by clear and convincing evidence in order to secure a finding of civil contempt:

> (1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
>
> (2) That the decree was in the movant's favor;
>
> (3) That the alleged contemnor by their conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and
>
> (4) That the movant suffered harm as a result.

*JHT Tax v. H&R Block E. Tax Servs.*, 359 F.3d 699, 705 (4th Cir. 2004). *See also Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'ship*, 608 F. App'x 130, 131 (4th Cir. 2015) (unpublished).

21. Potential remedies for civil contempt include the ability to award damages and attorney's fees to the aggrieved party, or to imprison the contemnor until he purges himself of contempt. *See, e.g.*, *Rainbow School v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 537 (D. Md. 2010) (citing authorities). In selecting sanctions, a court is obliged to use the "least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990).

Findings of Contempt

22.     Upon consideration of the facts found above, the record in this case and arguments of Plaintiffs' counsel at the contempt hearing, and for the reasons set forth herein and at that hearing, the Court finds Ray to be presently in contempt of court, and that each of the elements of civil contempt have been shown by clear and convincing evidence. See *JHT Tax*, 359 F.3d at 705.

23.     The Order issued by Judge Hoppe on July 23, 2020, and that issued by this Court on August 27, 2020, were valid court orders that required Ray to appear for a deposition upon oral examination by Plaintiffs' counsel.

24.     This Court's Order of August 27, 2020 was also a valid order that required Ray to appear at his contempt hearing on September 14, 2020, and to take steps in advance of that date, namely, contacting the Clerk's Office and Plaintiffs' counsel to secure necessary login information to participate in the contempt hearing and deposition.

25.     Ray had actual and constructive knowledge of these Orders, as well as the underlying deposition notices from Plaintiffs' counsel.[2]

26.     These Orders were in Plaintiffs' favor. Plaintiffs are entitled to conduct a deposition upon oral examination of Ray, and to get truthful and fulsome responses as part of discovery in this case, and to do so without needless expense or burden imposed on account of Ray's failure to appear at a scheduled deposition.

---

[2] Ray's same email address and phone number have been on file with the Court at least as early as November 2018 and were provided by his then-counsel James Kolenich. See, e.g., Dkt. 372 (second motion to withdraw, serving Ray at email address publicly redacted); Oct. 3, 2019 (non-public staff note, including Ray's last known email and phone number). Ray had actual as well as constructive notice as these Orders and deposition notices which were sent to him at this email address, as well as on account of their being filed on the public docket in this action. The Deputy Clerk of Court has also advised the Court that emails sent to Ray have not been returned as undeliverable.

27. In violation of both Orders, Ray did not attend properly noticed depositions upon oral examination by Plaintiffs' counsel, and indeed he still has failed to attend his deposition.

28. In violation this Court's Order of August 27, 2020, Ray failed to appear at the September 14, 2020 contempt hearing, and failed to contact the Clerk's Office and Plaintiffs' counsel in advance of that hearing.

29. Plaintiffs have suffered and continue to suffer harm as a result of Ray's continued violation of these Orders. Plaintiffs' counsel have diligently tried to schedule Ray's deposition since May and they have appeared at, and made all necessary arrangements for, no less than three properly-noticed depositions for Ray at considerable expense and effort—well beyond that which is expected of a party to secure a deposition. Ray's failure to appear at these depositions has unacceptably forestalled Plaintiffs' ability to get discovery to which they are entitled, and, as a result, stymied Plaintiffs' development of their case.

30. It is therefore **ORDERED** that Defendant Robert "Azzmador" Ray is hereby **FOUND IN CONTEMPT** of Judge Hoppe's Order of July 23, 2020 and this Court's Order of August 27, 2020. Dkts. 814, 848.

Civil Contempt Sanctions

31. This Court has considered numerous potential available remedies as a measure in order to secure Ray's compliance with these Court orders.

32. As this Court explained at the contempt hearing, this Court would have been willing to entertain lesser measures to secure full compliance, such as monetary sanctions, if Ray had appeared or taken some steps to begin to comply with these Court orders. But Ray is still absent

from this case and proceeding and in total disregard of court orders. He did not appear as required and has taken no steps to comply.

33. In view of Ray's continued refusal to comply with these Court orders, the Court finds that no lesser measure than issuance of a bench warrant would be sufficient to secure his compliance. See *Spallone*, 493 U.S. at 276 (court must use the "least possible power adequate to the end proposed"). Indeed, Judge Hoppe already issued monetary sanctions to no effect.

34. Accordingly, the Court will **DIRECT ISSUANCE of a bench warrant** for the arrest of Robert "Azzmador" Ray, and for transportation to this district, who shall be detained until such time as he purges himself of contempt by giving a full and complete deposition upon oral examination by Plaintiffs' counsel.

### Steps to Purge Himself of Contempt

35. Ray can purge himself of contempt, and thereby secure his release from detention, by appearing at a deposition upon oral examination by Plaintiffs' counsel and providing full and complete answers to their questions at said deposition.

36. Any deposition shall be by videoconference, at a time and manner to be scheduled forthwith in coordination with Plaintiffs' counsel upon the arrest of Ray.

### Conclusion

The Court has found and hereby **FINDS** Defendant Robert Ray in **CONTEMPT** of Judge Hoppe's Order of July 23, 2020 and this Court's Order of August 27, 2020. Dkts. 814, 848. Plaintiffs' Motion for Court Order to Compel a Deposition from Robert Ray is **GRANTED in part**, as set forth above, and otherwise **TAKEN UNDER ADVISEMENT**.

A bench warrant for Robert Ray **shall issue**.

The Clerk of Court shall open a miscellaneous action for this civil contempt matter, and all filings therein shall be filed that miscellaneous action as well as in *Sines v. Kessler*, 3:17-cv-72.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties and to the United States Marshals Service.

Entered this  16th  day of September, 2020.

                                                NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE